**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HOUSTON BYRD, JR.,**

    **Plaintiff,**

                                       **Case No. 2:18-cv-506**
                                       **Judge James L. Graham**
    **v.**                                   **Magistrate Judge Chelsey M. Vascura**

**JP MORGAN CHASE,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff filed his Complaint (ECF No. 1) on May 22, 2018, against Defendant JP Morgan Chase. On August 24, 2018, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for failure to timely effect service over Defendant pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 10.) As the Court explained in the August 24 Show Cause Order, pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff responded to the show cause order on August 30, 2018. (ECF No. 11). Although Plaintiff represents in his Complaint and in the subject Response that he has effected service on Defendant, such service does not comport with Federal Rule of Civil Procedure 4 or the Southern District of Ohio Local Rules. First, the summons Plaintiff attempted to serve on Defendant is neither signed by the Clerk nor bears the Court's seal as required by

Rule 4(a)(1). Second, although Ohio law contemplates service of process through certified or express mail, such mailing must be completed through the Clerk. Ohio Civ. R. 4.1; see also S.D. Ohio Civ. R. 4.2 (outlining the procedure for completing Ohio certified mail service in this Court). Here, however, Plaintiff personally mailed the incomplete summons by certified mail. Plaintiff has been advised of these deficiencies in his attempted service in several of the Court's previous orders (ECF Nos. 3, 6, 8) but to date has not completed effective service. It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE